PROB 12C
(6/16)

Report Date: November 12, 2020

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Adam Loren Hankins                Case Number: 0980 2:14CR00058-WFN-1

Address of Offender:                                Mead, Washington 99021

Name of Sentencing Judicial Officer:  The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: November 17, 2014

Original Offense:        Felon in Possession of an Explosive Device, 18 U.S.C. § 842(I)(3)

Original Sentence:       Prison - 60 months           Type of Supervision: Supervised Release
                         TSR - 36 months

Revocation Sentence:     Prison- 12 months
(July 10, 2018)          TSR - 24 months

Asst. U.S. Attorney:     Earl Hicks                   Date Supervision Commenced: June 19, 2019

Defense Attorney:        Federal Defenders Office     Date Supervision Expires: June 18, 2021

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number        Nature of Noncompliance

    1                   **Special Condition # 14:** You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete as approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

                        **Supporting Evidence**: It is alleged that Mr. Hankins violated the terms of his supervised release by failing to attend substance abuse counseling on or about August 5, 2020.

                        On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include above-noted special condition number 14.

                        On July 18, 2019, Mr. Hankins completed a substance abuse evaluation with Pioneer Human Services (PHS). As a result, he was enrolled in outpatient services. However, approximately

        3 weeks later, Mr. Hankins expressed concern over a perceived threat by another client at PHS. Mr. Hankins was approved to seek treatment services elsewhere. On August 28, 2019, he completed an evaluation for dual diagnosis services with a private agency, Live Well Counseling. He has since been engaged in services with Live Well Counseling.

        On October 27, 2020, the undersigned made contact with Mr. Hankins' counselor with Live Well Counseling and was advised that on August 5, 2020, Mr. Hankins was scheduled for a treatment session. A reminder telephone call was placed to Mr. Hankins on August 4, 2020, in which he confirmed his appointment for August 5, 2020. However, Mr. Hankins failed to attend his appointment on August 5, 2020.

2        **Special Condition #20:** You shall complete an anger management and mental health evaluation and counseling as directed by the supervision officer.

        **Supporting Evidence:** It is alleged that Mr. Hankins violated the terms of his supervised release by failing to attend mental health counseling on or about August 5, 2020.

        On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include above-noted special condition number 20.

        On July 18, 2019, Mr. Hankins completed a substance abuse evaluation with Pioneer Human Services. As a result, he was enrolled in outpatient services. However, approximately 3 weeks later, Mr. Hankins expressed concern over a perceived threat by another client at PHS. Mr. Hankins was approved to seek treatment services elsewhere. On August 28, 2019, he completed an evaluation for dual diagnosis services with a private agency, Live Well Counseling. He has since been engaged in services with Live Well Counseling.

        On October 27, 2020, the undersigned made contact with Mr. Hankins' counselor with Live Well Counseling and was advised that on August 5, 2020, Mr. Hankins was scheduled for a treatment session. A reminder telephone call was placed to Mr. Hankins on August 4, 2020, in which he confirmed his appointment for August 5, 2020. However, Mr. Hankins failed to attend his appointment on August 5, 2020.

3        **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: It is alleged that Mr. Hankins violated the terms of his supervised release by failing to submit to urinalysis testing, on or about November 9, 2020.

        On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16.

Prob12C
**Re: Hankins, Adam Loren**
**November 12, 2020**
**Page 3**

On November 9, 2020, Mr. Hankins was directed to report to Pioneer Human Services to submit to urinalysis testing. Mr. Hankins did appear as directed. However, after being made aware that the testing procedure would be observed, he advised the observer that he would be "dirty". He was advised that a urine sample would still need to be collected. At that point, he left the facility without providing a urine sample.

4    **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Hankins violated the terms of his supervised release by consuming a controlled substance, methamphetamine, on or about November 6, 7, 8, and 9, 2020.

On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16.

On November 10, 2020, the undersigned made contact with Mr. Hankins. During the course of our discussion, Mr. Hankins admitted to consuming methamphetamine daily from November 6, through November 9, 2020.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    11/12/2020

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

November 13, 2020
Date