PROB 12C
(6/16)

Report Date: December 1, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Adam Loren Hankins              Case Number: 0980 2:14CR00058-WFN-1

Address of Offender:                               Mead, Washington 99021

Name of Sentencing Judicial Officer:  The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name o Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen Senior U.S. District Judge

Date of Original Sentence: November 17, 2014

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of an Explosive Device, 18 U.S.C. § 842(I)(3) | | |
| Original Sentence: | Prison - 60 months; TSR - 36 months | Type of Supervision: | Supervised Release |
| Revocation Sentence (July 10, 2018) | Prison - 12 months TSR - 24 months | | |
| Asst. U.S. Attorney: | Earl Hicks | Date Supervision Commenced: | June 19, 2019 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: | June 18, 2021 |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 11/12/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**:  It is alleged that Mr. Hankins violated the terms of his supervised release by consuming a controlled substance, methamphetamine, on or about November 16, 2020. |
| | On June 19, 2019, supervision commenced in this matter.  That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake.  The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16. |

Prob12C
**Re: Hankins, Adam Loren**
**December 1, 2020**
**Page 2**

On November 16, 2020, Mr. Hankins appeared at Pioneer Human Services for the purpose of submitting to a random urinalysis test. The sample tested presumptive positive for methamphetamine. Mr. Hankins denied any use of controlled substances since his last admitted use of methamphetamine on November 9, 2020 (see petition filed on November 12, 2020).

A lab report has been received for the November 16, 2020, urinalysis which confirmed a positive presence for methamphetamine. This is not consistent with a last reported use of November 9, 2020.

6   **Special Condition #20:** You shall complete an anger management and mental health evaluation and counseling as directed by the supervision officer.

**Supporting Evidence:** It is alleged that Mr. Hankins violated the terms of his supervised release by failing to attend mental health counseling on or about November 20, 2020.

On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include above-noted special condition number 20.

On July 18, 2019, Mr. Hankins completed a substance abuse evaluation with Pioneer Human Services (PHS). As a result, he was enrolled in outpatient services. However, approximately 3 weeks later, Mr. Hankins expressed concern over a perceived threat by another client at PHS. Mr. Hankins was approved to seek treatment services elsewhere. On August 28, 2019, he completed an evaluation for dual diagnosis services with a private agency, Live Well Counseling. He has since been engaged in services with Live Well Counseling.

On October 27, 2020, the undersigned made contact with Mr. Hankins' counselor with Live Well Counseling and was advised that on August 5, 2020, Mr. Hankins was scheduled for a treatment session. A reminder telephone call was placed to Mr. Hankins on August 4, 2020, in which he confirmed his appointment for August 5, 2020. However, Mr. Hankins failed to attend his appointment on August 5, 2020.

Mr. Hankins had since made contact with his mental health provider at the direction of the undersigned. He was then scheduled to attend a mental health session on November 20, 2020, to become re-engaged in services.

Mr. Hankins failed to attend his appointment on November 20, 2020.

7   **Special Condition # 14:** You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete as approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: It is alleged that Mr. Hankins violated the terms of his supervised release by failing to attend a substance abuse counseling admission appointment on or about November 24, 2020.

Prob12C
**Re: Hankins, Adam Loren**
**December 1, 2020**
**Page 3**

On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include above-noted special condition number 14.

Mr. Hankins was referred to PHS due to recent use of methamphetamine. On November 17, 2020, he completed a substance abuse evaluation as directed with PHS. He was then scheduled to attend an admission appointment on November 24, 2020. Mr. Hankins failed to attend his admission appointment on November 24, 2020.

8      **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Hankins violated the terms of his supervised release by failing to submit to urinalysis testing on or about November 24, 2020.

On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16.

On November 24, 2020, Mr. Hankins appeared at PHS for the purpose of submitting to a random urinalysis test. However, he failed to provide a sample as required and was noted by the staff of PHS that he stalled on the test.

9      **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Hankins violated the terms of his supervised release by consuming a controlled substance, methamphetamine, on or about November 20, 2020.

On June 19, 2019, supervision commenced in this matter. That same day, Mr. Hankins reported to the United States Probation Office for the purposes of a supervision intake. The judgment was reviewed with Mr. Hankins and he acknowledged an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16.

On November 25, 2020, Mr. Hankins appeared at PHS for the purpose of submitting to a random urinalysis test. The sample tested presumptive positive for methamphetamine. Mr. Hankins signed a drug use admission form, admitting to using methamphetamine on November 20, 2020.

Prob12C
Re: Hankins, Adam Loren
December 1, 2020
Page 4

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12/01/2020

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]   Other

Signature of Judicial Officer

12/2/2020
Date